**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kristine Chevannes,<br><br>                            Plaintiff,<br><br>      -v-<br><br>ProHEALTH Care Associates LLP,<br><br>                         Defendant. | 2:22-cv-2475<br>(NJC) (AYS) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Pending before the Court is Defendant ProHEALTH's Motion for Summary Judgment on Plaintiff Kristine Chevannes's claims under Title VII, the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York Labor Law ("NYLL"). (Compl. ¶ 129–170; ECF No. 38.) The Court heard oral argument on the motion on September 23, 2025. The Court denies Defendant's Motion for Summary Judgment with respect to Plaintiff's claims under Title VII and the NYSHRL for retaliation.

To establish a prima facie case of retaliation under Title VII and the NYSHRL, a plaintiff must show (1) that she participated in a protected activity, (2) that the defendant knew of the protected activity; (3) that she suffered an adverse action, and (4) that there was a causal connection between her engagement in the protected activity and the alleged retaliatory action by the employer. *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 391 (2d Cir. 2020) (Title VII); *Owens v. N.Y.C. Dp't of Educ.*, 2021 WL 3862974, at *15 (S.D.N.Y. Aug. 30, 2021) (Title VII and NYSHRL).

Plaintiff has established a prima facie case of retaliation premised on her July 2020 complaint to ProHEALTH HR Generalist Haley Breen about alleged discrimination. Defendant does not dispute that the July 2020 complaint constituted a protected activity, thereby establishing the first element of a prima facie case of retaliation under Title VII and the NYSHRL. (*See* ECF No. 38-1 at 19–20 (arguing only that Plaintiff has failed to show causation and knowledge); Hr'g Tr. 13:16–14:3.) Nor do they dispute that Plaintiff suffered an adverse action—the termination of her employment—as required for the third element of the prima facie case. (*See* ECF No. 38-1 at 19–20; Hr'g Tr. 13:16–14:3.) Moreover, all that is required to satisfy the second prong of the prima facie case—the employer's knowledge of the protected activity— is general corporate knowledge. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013). The record establishes ProHEALTH's knowledge here. (Hr'g Tr. 13:16–14:3; Pl.'s 56.1 Resp. ¶ 182; Pl.'s 56.1 Counter Statement ¶ 26; Chevannes Dep. 186:23–188:25.)

The parties dispute whether a material question of fact exists as to the existence of a causal connection between Plaintiff's July 2020 complaint to Breen and the termination of her employment at ProHEALTH in November 2020. Plaintiff argues that a "temporal connection is 'in and of itself' sufficient to find prima facie causation." (ECF No. 39 at 15 (quoting *Summa v. Hofstra Univ.*, 708 F.3d 115, 126-27 (2d Cir. 2013).) Defendant argues that the four-month gap between the Breen complaint and Plaintiff's November 2020 termination is too temporally attenuated to establish causation as required for the prima facia case.

The Second Circuit has made clear that "[w]hile [it] has *not* drawn a bright line defining the outer limits beyond which a temporal relationship is too attenuated to establish causation . . . we have previously held that a *period of several months can demonstrate* a causal connection between the protected activity and the alleged adverse action." *Banks v. Gen. Motors, LLC*, 81

2

F.4th 242, 277 (2d Cir. 2023) (emphasis supplied). Defendant has not identified any circuit authority indicating that four months between protected activity and an allegedly retaliatory action is too attenuated to support the causation prong of the prima facie case. (Hr'g Tr. 11:22–12:6.) Having reviewed the parties' submissions and argument, caselaw, and the factual record, the four-month gap on the factual record before this Court creates a sufficient temporal connection to give rise to a material question of fact as to the causation element of the prima facie case.

Because the record, construed in the light most favorable to Plaintiff, establishes a prima facie case of retaliation under Title VII and the NYSHRL, under the *McDonnell-Douglas* burden shifting framework, Plaintiff must identify a material dispute of fact as to whether the non-retaliatory reason Defendant provides for her termination is mere pretext for retaliation for her July 2020 complaint to Breen. At this stage, temporal proximity "without more . . . is insufficient to satisfy [a plaintiff's] burden to bring forward some evidence of pretext." *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010), *abrogated in part on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013).

However, there are additional facts in the record concerning pretext, beyond temporal proximity between the protected activity and the adverse action. Although it is a close question whether a material dispute of fact exists on pretext, construing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences against Defendant as required on Defendant's motion for summary judgment, there is just enough evidence within the record that a jury could reasonably conclude that Plaintiff's termination for "job abandonment" was a pretext for retaliation for the July 2020 Breen complaint.

Specifically, Plaintiff testified that she submitted leave paperwork to FMLASource as directed during some unspecified time, but that Defendant nevertheless terminated her for job abandonment without notifying her by email that she would be deemed to have abandoned her job if she did not respond by November 16, 2020. (Pl. Dep. 243:19–247:3, 249:11–250:2, 269:7–24; ECF No. 38–46.) Furthermore, although Plaintiff had told Cintron that she had been in and out of the hospital, Cintron only notified Plaintiff of the deadline to respond to ProHEALTH by: (1) calling Plaintiff from a blocked number; and (2) mailing Plaintiff a letter that did not arrive until November 14, 2020—two days before the November 16, 2020 deadline for Plaintiff to contact Cintron about her leave request. (ECF no. 40-1, para 138-39; ECF No. 38-47, 39-11, 39-12.) On November 18, 2020, Plaintiff emailed Cintron about her leave request. (ECF No. 29-1 ¶ 146.) She testified that she had not yet seen Cintron's letter and that, at that time, she believed that she had responded to each communication she had received from Cintron. (Chevannes Dep. 269:7–24.)

Plaintiff must show that retaliation was a "but-for" cause of her termination in order to prevail on a Title VII or NYSHRL retaliation claim. *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 845 (2d Cir. 2013). The aforementioned evidence, alongside the temporal proximity between the July 2020 complaint to Breen and Plaintiff's November 2020 termination could raise "weakness, implausibilities, inconsistencies, or contradictions in [defendant's] proffered legitimate, non-retaliatory reason[]" for Plaintiff's termination such that "a reasonable juror could conclude that [job abandonment] [was] a pretext" for the termination. *Id.* at 844–45. Here, it is for the jury—not the Court—to resolve the significant questions concerning the credibility of witnesses with relevant knowledge of the events in question, including Plaintiff and Cintron.

Accordingly, Defendant's Motion for Summary Judgment (ECF No. 38) is denied as to Plaintiff's retaliation claims under Title VII and the NYSHRL based on the 2020 Breen Complaint.

Defendant's Motion for Summary judgment on Plaintiff's remaining claims is denied without prejudice. The parties shall appear before the Court for a conference that will be scheduled through a separate, forthcoming order.

Dated: Central Islip, New York
February 13, 2026

_/s/ Nusrat J. Choudhury_
NUSRAT J. CHOUDHURY
United States District Judge